Good morning. We begin with the United States v. Ward. Ms. Pratt. May it please the Court. Good morning, Your Honors. Nearly 20 years after Congress abolished mandatory minimum revocation sentences for drug possession, the district court in this case found that George Ward possessed drugs by a preponderance of the evidence and then imposed a mandatory sentence of 20 months, a sentence that the Court stated was too severe and that it would not have imposed if it had discretion. While the briefing raises two challenges to Mr. Ward's sentence, I will focus this morning on the second, the constitutional issue. Can you hold that down just a little bit? That's great. I acknowledge for the second issue, Your Honors, that we're here on plain error review, but we meet that standard and the Court should find that there was error that was plain that affected Mr. Ward's substantial rights and that this Court should correct. Turning to the first two prongs, which I will consolidate because it's really the same argument, the 20-month mandatory minimum sentence imposed on Mr. Ward is plainly unconstitutional in light of the Supreme Court's decision in Alain, which came out before Mr. Ward's revocation hearing and held the facts giving rise to a mandatory minimum sentence must be found beyond a reasonable doubt. Ms. Pratt, if you could factor into your analysis the fact that the defendant admitted to these violations, how does that affect the Alain analysis, the fact that he admitted to these violations? Judge Keenan, I don't believe that it does for this reason. An admission must be measured by the context in which it was made. This was a revocation proceeding and the standard of proof was simply preponderance of the evidence. It was not proof beyond a reasonable doubt. So an admission that may be sufficient to trigger a finding of a violation under a preponderance standard and a finding that therefore triggers a mandatory minimum, if that's established only by preponderance of the evidence, it cannot fulfill the constitutional requirement that the violation be found beyond a reasonable doubt in order to apply the mandatory minimum. And perhaps even more importantly, even with Mr. Ward's admission, the district court clearly did not want to give him a 20-month sentence. But don't we have about eight or nine circuits that say Alain violations don't, that Alain doesn't pertain to a revocation sentencing? I mean, there's just an extraordinary number of circuits, I think, that have indicated with respect to Apprendi, and I would think the same point was obtained with Alain, that it just doesn't apply to revocation sentencing. Two points, Your Honor. First, those cases all addressed Booker's application to 3583E, not the provision at issue in this case, which is 3583G. 3583E is wholly discretionary. The district court has discretion to find a violation in the first instance and then has complete discretion in what sentence to impose. So 3583E does not violate Apprendi or Booker because it is already a discretionary provision. I don't understand how that disturbs the basic point, which is that Alain and Apprendi both are sort of wrapped around the role of the jury. And, you know, you come before the jury with a presumption of innocence and everything, and the jury is there. With revocation sentencing, the jury is nowhere to be found. It's not a jury proceeding in any way, shape, or form. And Alain and Apprendi both seem predicated on the capacities of the jury. That is correct in part. I think they're also predicated just as much on the standard of proof. And, in fact, and I'm quoting from Alain here, the Supreme Court said that Apprendi's definitions of elements necessarily include not only facts that increase the ceiling but also those that increase the floor. Both kind of facts altered the prescribed range of sentences to which a defendant is exposed. I'm sorry, but it doesn't seem to me that you are responding directly to Judge Wilkinson's question, which I also had about the centrality of the role of the jury and how that differs between a sentencing to determine guilt or innocence and a revocation proceeding. I mean, a proceeding to determine guilt or innocence or a revocation proceeding. I would point to Booker, Judge Duncan, because Booker dealt with sentencing after a finding of guilt. And the question was when the sentencing guidelines were mandatory, did that then trigger a jury finding? And the Supreme Court said in Booker, yes, it did. Now, the solution that the Booker court found was not to actually find that the jury had defined facts, but to make the particular statutory provision discretionary. And that's what we're asking here, Your Honor. Juries also play a role in sentencing in the initial phase of sentencing, but they don't at all in the revocation context. And that we are asking the court to find that they did. Well, to find, excuse me. Will we have to re-impanel a jury for the revocation sentence? No, Your Honor, not if you accept our remedy that the solution is to find that 3583G is advisory in the same way that the Supreme Court found that 3553B1 had to be struck, and therefore the guidelines were not. That would essentially be courting, it would be revising an act of Congress and probably courting it some kind of. What we'd be doing is just changing an act of Congress. No more so, Your Honor, than the Supreme Court did in Booker. And, in fact, to interpret 3583G as discretionary renders far less damage to the scheme that Congress set up, which is very clearly discretionary. All that making 3583G would do is. I realize that mandatory minimums are in some disfavor for various reasons, mainly a lack of individuation. But, you know, there's nothing unconstitutional about them, and Congress did when it enacted 3583G. It was very clear that the one-third rule was mandatory, and there's nothing wrong with Congress acting in that way. The judiciary doesn't like it because it strips proceedings of their individuality, and Congress likes it because it's in many cases distrustful of the judiciary in terms of some sentences are extraordinarily lenient even for serious crimes, and you have this friction almost between the way the two branches regard mandatory minimums, at least in some cases. But if Congress wants to act in that way, they can. That's what they did with 3583G, and if we were to put in an Elaine, if we were to say Elaine applies here, we would be almost saying that there was something wrong with the statute and that it absolutely had to be enacted in a discretionary form. And, you know, I just don't see that in a non-jury proceeding. Let me try to address your concern, Judge Wilkinson, with a couple of points. First, Congress actually abolished this one-third rule almost 20 years ago, even before Mr. Ward was ever convicted of his conduct. And secondly, the fact that this is a revocation proceeding. The Savings Clause kicked in. They abolished it, but they didn't indicate that the abolition was to be made retroactive. That's correct, Your Honor. Second, the fact that this is a revocation proceeding and not an original sentencing shouldn't matter. Imprisonment is imprisonment, as this Court has recognized. And I'd like to quote from a decision from a couple of years ago, United States v. Bennett, the 2012 decision of this Court. Imprisonment is not some magic word. Incarceration constitutes imprisonment, whether imposed upon an initial conviction or upon revocation of supervised release. And, in fact, in the Bennett decision, this Court took a recent Supreme Court decision, Tapia v. United States, that came up in the context of an original sentencing and applied it to a revocation sentence on the basis that imprisonment is imprisonment. The Court further found that in light of the Tapia decision, there was error in the revocation sentencing that was plain. You simply asked this Court to do the same type of thing, but the Court didn't bend. How is it possible? I mean, this is an interesting discussion, but how do you get over the plain error bar when there's no precedent in this circuit and the Supreme Court has not ruled on this issue? You know, it's very interesting, but I just don't see how possibly under our precedent you can demonstrate plain error. Judge Keenan, there is no case that is directly on point. This Court is actually writing on a blank slate. So how do you have plain error? I don't mean to be flip, but sometimes an error is so obvious based on the principles underlining the doctrine that it has to be plain. So this Court shouldn't hesitate if the Court agrees with me. What about all those other circuits? Again, Your Honor, those weren't addressing Alain directly. They were addressing Booker in the context of a revocation sentencing and found that there was no Booker problem because the revocation proceeding is already so highly discretionary. So there was no Apprendi slash Booker error. So revocation sentencing and trials have always been thought to be quite different. As far back as Morrissey v. Brewer in 1972, you have certain rights in revocation sentencing, a right to present your own evidence, a qualified right to cross-examination. So you're not stripped of all rights, but the Supreme Court has never equated revocation sentencing with a trial or revocation of parole as it was known way back when. It's never equated those two. And what I see now happening is trying to make revocation sentencing and revocation hearings into second trials. And as I say, there are certain rights that attach to them, but they're not full-blown second trials. And when we bring Apprendi and Alain into them, don't we just move them closer and closer to a trial model? I disagree, Your Honor. Both original offenses and revocation of sentences have statutory ranges. That's what we're talking about here. Let me just say... The Supreme Court has said, in Johnson, said they're not criminal prosecutions. But they are, revocation penalties are part and parcel of the original penalty package for the offense. Now, there may not be quite the same full-blown panoply of rights, but there does, when it comes to taking away a person's liberty, particularly with a mandatory minimum sentence, there needs to be more protection. Just quickly, as to Morrissey v. Brewer, Judge Wilkinson, you pointed out that that's a parole case. Parole is very different from supervised release. Parole is an act of grace by the executive branch to shorten an existing prison term. It's not punishment for a new criminal offense that's mandated by the legislative branch and imposed by the judicial branch. Yeah, I'm just saying that what they are, is they're both post-trial revocation proceedings. And that is true. But at some point, I think the trend has been that revocation proceedings have been taken more and more casually. And this court, to its credit, has taken some steps to try to limit that. We simply are asking the court to take another step in that direction and to find that a mandatory minimum sentence, that when one has to be imposed, which is going to be in very, very few cases at this point. This is a very unusual case, given its age. The principle will affect perhaps a great many more cases. I disagree, Your Honor, in terms of, with this particular statute, the people it's going to affect is a limited class of people. People who committed their original offenses between 1987, when this statute first took effect, and September 13, 1994, when it was abolished. People who, within that category... I'm bringing Elaine and Apprendi into revocation proceedings, and I can't think of all the different implications of it, but it strikes me that they're quite large. Why wouldn't it affect everybody who is coming up for revocation and facing incarceration? Because... I mean, logically, it seems to me it has to be, because there's still a factual finding required. They aren't subject to the mandatory minimum. But why wouldn't this still be a fact from your analysis that had to be found by a jury? Because the statutory maximum set by Congress isn't changing. Here, it's the mandatory minimum that is changing. Right, I understand that. But so you're saying that just because they could... See, I can just see... It seems to me that the logic behind it, though, the mandatory minimum is not really a true distinction from your analytical standpoint, that you're much more concerned with the fact that this factual finding is not being made by a jury. And logically, it seems to me that there really isn't much difference between a factual finding that has to be made by a jury with regard to... I mean, wouldn't you have a... It seems to me you'd have a situation in any case where you would be asking for a factual finding to be made by a jury. Why wouldn't you? What I'm actually more concerned with, Your Honor, is not so much the jury right, but the standard of proof, that it is beyond a reasonable doubt. And I don't believe that... The Supreme Court has already talked to that in Johnson. They've said you don't get beyond a reasonable doubt, didn't they? And they were addressing revocation proceedings. So I'm just worried, I guess, following up on what Judge Wilkinson said, that you're really trying to fashion a whole new concept in proceedings that really nobody anywhere has sanctioned. You're asking us to kind of tread out there and do something entirely and utterly new. Your Honor, I would disagree. I'm simply asking this court to do what the Supreme Court did in Booker, which is find that this problem, this constitutional problem, can be solved by making the offending... But those were guidelines, though. As Judge Wilkinson said, this is a statute. The provision that the court struck in Booker was also a statute. So I don't see that there's a difference. I see that my time is up. Yes, but you do have some rebuttal time. Yes, thank you. Mr. Bradenham. Thank you. I'm Robert Bradenham, Assistant United States Attorney for the Eastern District of Virginia, representing the government, Your Honor. Just to highlight some of the arguments that were brought up by the court and addressed more thoroughly in the brief, George Ward was convicted 20 years ago. In fact, I was the prosecutor in the case 20 years ago with George Ward. He served a significant amount of time. He got out. He violated terms of his supervised release, not on one occasion, but seven occasions, where he was in petitions for violation of supervised release. He violated the terms of his supervised release. A hearing was conducted, and there was no request for a jury trial at the district court level. He admitted to all the violations that were enumerated in the petition and the two addendum for that, and therefore, based on the 3583G statute that was in effect at the time of his offenses, not the time of his revocation hearing, but the time of his offenses, indicated that the court must give at least one-third of his supervised release for active prison time. Mr. Braden, I was wondering if you could help me understand what the relief that is being sought would look like structurally. How would it work? There was no jury trial here. How would the need to have a jury finding as to the factual matters in contention come about in this posture? Well, as a practical matter, I don't think the district courts throughout the country could handle the number of jury trials that would be had at supervised release violations. So one would have to empanel here a new jury? Yes, ma'am. I think you would have to remand the case back again and empanel a jury for the factual finding of these violations that he's already admitted to. Yes, ma'am. That he's already admitted to. I mean, we would have to have a jury trial with respect to the underlying violations and whether those violations in fact occurred, and then we'd have to have special instructions that resulted in a factual finding. And whether he admitted to them or whether he didn't admit to them, we'd have to re-empanel a jury. You can't just do it for certain purposes and not do it for others. I mean, this would work a revolutionary change in trial court practice. Absolutely revolutionary. It would certainly crowd the dockets up, Your Honor, on that. My reading of Elaine and of Apprendi, it does not talk about jury trials for supervised release hearings. And I think it's a great step if we're stepping into that particular area. And I think focusing on the fact that the 3583G at the time of the offense is important. In this case, it was prior to September 1994 when the underlying offense occurred. The ex post facto is an interesting principle because it works both ways. And that is, after the time of the offense, you can't increase the penalty. But conversely, if the penalty is in place at the time of the offense, you have to face it. Unless there's some kind of exception written by Congress that would override the savings statute and the repeal would write in an exception. But in the repealing of the one-third rule, we don't have anything written in the exception. There's no indication from the cases that I've read that Congress under 3583G intended that to be retroactive. But all I'm saying is that defendants get the benefit of the ex post facto clause as they certainly should in a great many situations. But then there are other situations where ex post facto principles work in the other direction. Yes, sir. And certainly when... Where you did have notice. Ex post facto speaks to the question of where you did not have notice of what you were facing. Yes. But this case speaks to the fact that you did have notice. Yes, sir. In the sense that this one-third rule... Everybody had notice. That was one of the point of contentions about whether the judge had to follow the pre-September 1994 3583G and impose one-third of the five years on that. And that was a point of contention. So everybody knew that at the time of the hearing, Your Honor. Is there anything further that you would like to add or that my good colleagues would like to ask? No, sir. I think we've covered about everything. I would just note that the revocation table range in the guidelines for this Class B offenses with a criminal history category 6 is 21 to 27 months. So the 20 months under the statutory mandatory minimum is less than what the guidelines recommend in this. I think that's critical. Thank you for your time. We're fine. Ms. Pratt. Three points, Your Honors. First, in terms of how the relief would work, there is no reason to think that a plea rate for revocation proceedings would work any differently than it does in proceedings for an original offense. That is that there would be very, very few trials. In the Eastern District of Virginia, the guilty plea rate for original offenses is close to 95%. So revocation proceedings, I think, would be resolved at the same rate. Secondly, making 3583G discretionary would be far less revolutionary than actually extending the jury trial right. And that's why we asked the Court simply to find that that provision should be discretionary. And finally, in terms of notice, there was no notice at the original guilty plea hearing in 1995 or 1994 that Mr. Ward would actually face a mandatory minimum sentence. He would have been advised, certainly under Rule 11, that if he violated, he could go back to prison, but he was never told what that statutory maximum was, and he certainly was not told what the mandatory minimum was for the highly speculative offense. No, because you're charged with knowledge of the statutes on the books. Up to a point, Your Honor, Rule 11 does require that the District Court advise the defendant of the statutory maximum, any mandatory minimum penalty, and the maximum terms of supervised release. It does not require anything about mandatory minimums for supervised release. Moreover, at the revocation hearing, the District Court never advised Mr. Ward before he found him in violation that he faced a mandatory minimum. And finally, the fact that the guideline range is higher than the 20-month sentence is simply irrelevant. The District Court could not have been clearer that it thought that 20 months was too severe and that it would not have imposed that much time in its discretion. So, in conclusion, we ask the Court to vacate Mr. Ward's sentence. We further ask that if the Court agrees with that Mr. Ward should not have been subjected to this mandatory minimum sentence, that an issue in order to that effect as quickly as possible to be followed by an opinion. Thank you. Thank you. And we'll come down and greet counsel and move into our next case.
judges: J. Harvie Wilkinson III, Allyson K. Duncan, Barbara Milano Keenan